

1  Irene Karbelashvili, State Bar Number 232223
   Law Office of Irene Karbelashvili
2  12 South First Street, Suite 413
   San Jose, CA 95113
3  Telephone: (408) 295-0137
   Fax: (408) 295-0142

**ADR**

**Filed**

JAN 3 1 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

5  Kenneth J. Pinto, State Bar Number 221422
   Law Office of Kenneth J. Pinto
6  12 South First Street, Suite 713
   San Jose, CA 95113
7  Telephone: (408) 289-1765
   Fax: (408) 289-1754

**E-FILING**

10  Attorneys for RICHARD JOHNSON, Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CV13- 0444 HRL

| | |
|---|---|
| RICHARD JOHNSON,<br>　　　　Plaintiff,<br><br>vs.<br><br>PEPPER LANE-COSMO, LLC; CLASSIC BURGERS, INC., d/b/a CLASSIC BURGERS, and DOES 1-20,<br>　　　　Defendants. | Case No.<br><br>*Civil Rights*<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND § 55; AND HEALTH & SAFETY CODE §§ 19955 ET SEQ.); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990** |

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 1 of 13

1

2                                    **I. SUMMARY**

3      1. This is a civil rights action by Plaintiff Richard Johnson ("Johnson") for discrimination

4   at the building, structure, facility, complex, property, land, development, and/or surrounding

5   business complexes known as:

6
         Classic Burgers
7        15737 Los Gatos Blvd.
         Los Gatos, CA 95032
8        (hereafter "the Classic Burgers Facility")

9
       2. Pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 *et seq.*),
10
   and related California statutes, Johnson seeks damages, injunctive and declaratory relief, and
11
   attorney fees and costs, against Classic Burgers, Inc., a California corporation, d/b/a Classic
12
   Burgers;  Pepper Lane-Cosmo, a California LLC and DOES 1-20, inclusive.
13

14

15

16                                  **II. JURISDICTION**

17     3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

18     4. Supplemental jurisdiction for claims brought under parallel California law--arising from

19   the same nucleus of operative facts--is predicated on 28 U.S.C. §1367.

20
       5. Johnson's claims are authorized by 28 U.S.C. §§ 2201 and 2202.
21

22

23                                     **III. VENUE**

24     6. All actions complained of herein take place within the jurisdiction of the United States

25   District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. §

26   1391(b), (c).

27
         Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
28     Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51,
       52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans
                                      with Disabilities Act of 1990
       Page 2 of 13

## IV. PARTIES

7. Classic Burgers, Inc., a California corporation, d/b/a Classic Burgers, Pepper Lane-Cosmo, a California LLC and  DOES 1-20 inclusive (hereinafter alternatively collectively referred to as "Defendants") own, operate, manage, and/or lease the Classic Burgers Facility, and consists of a person (or persons), firm, and/or corporation.

8. The true names and capacities of Defendants DOES 1 through 20, inclusive, are unknown to plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes that each of the Defendants herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to plaintiff; plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

9. Johnson is a qualified physically disabled person with a physical "disability" as defined by Department of Justice regulation 28 C.F.R. § 36.104 and California Government Code § 12926. Johnson was in a motorcycle accident, which left him paralyzed from the waist down. He requires the use of a wheelchair for mobility. Johnson possesses a DMV issued disabled parking placard and is entitled to park in disabled accessible parking spaces, including van accessible parking spaces, and to travel on and along public paths of travel between such parking facilities and areas to which the general public is invited. He is also entitled to fully accessible facilities with the public areas of the Classic Burgers Facility. Johnson is, and at all times relevant hereto was, a resident of California.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 3 of 13

## V. FACTS

10. The Classic Burgers Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

11. Johnson visited the Classic Burgers Facility and encountered barriers (both physical and intangible) that interfered with--if not outright denied--his ability to use and enjoy the goods, services, privileges, and accommodations offered.

12. To the extent known by Johnson, the barriers at the Classic Burgers Facility included, but are not limited to, the following:

- No ADA seating tables inside location, thus Johnson is not able to sue the tables;

- No ADA seating tables outside location, thus Johnson is not able to use the tables;

- Condiments counter is high and Johnson has difficulties to reach it;

- Bathrooms are completely non compliant, thus Johnson is not able to use the bathroom;

- 2 ADA parking stalls but only one sign

- No "No parking" writing in access aisle

- Built up curb ramp (illegal) in access aisle

- Access aisle striping is while and not blue

- No truncated domes to separate from vehicle path of travel

- Main door has no disabled sign that would indicate to Johnson that the Facility is intended to be accessible to him;

- No directional signage to ADA facilities

- Drive way tow away sign is lacking proper information

- Parking signs has no "$250 ' fine posted

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 4 of 13

1   These barriers prevented Johnson from enjoying full and equal access at the Classic

2   Burgers Facility.

3   13. Johnson was also deterred from visiting the Classic Burgers Facility because he knew

4   that the Classic Burgers Facility's goods, services, facilities, privileges, advantages, and

5   accommodations were unavailable to physically disabled patrons (such as himself). He

6   continues to be deterred from visiting the Classic Burgers Facility because of the future threats

7   of injury created by these barriers.

8   14. Johnson also encountered barriers at the Classic Burgers Facility which violate state

9   and federal law, but were unrelated to his disability. Nothing within this Complaint, however,

10   should be construed as an allegation that Johnson is seeking to remove barriers unrelated to his

11   disability.

12   15. Defendants knew that these elements and areas of the Classic Burgers Facility were

13   inaccessible, violate state and federal law, and interfere with (or deny) access to the physically

14   disabled. Moreover, Defendants have the financial resources to remove these barriers from the

15   Classic Burgers Facility (without much difficulty or expense), and make the Classic Burgers

16   Facility accessible to the physically disabled. To date, however, Defendants refuse to either

17   remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

18   16. At all relevant times, Defendants has possessed and enjoyed sufficient control and

19   authority to modify the Classic Burgers Facility to remove impediments to wheelchair access

20   and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24

21   regulations. Defendants have not removed such impediments and have not modified the Classic

22   Burgers Facility to conform to accessibility standards. Defendants have intentionally

27

28

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 5 of 13

1    maintained the Classic Burgers Facility in its current condition and have intentionally refrained

2    from altering the Classic Burgers Facility so that it complies with the accessibility standards.

3        17. Johnson further alleges that the (continued) presence of barriers at the Classic Burgers

4
     Facility is so obvious as to establish Defendants' discriminatory intent. On information and
5
6    belief, Johnson avers that evidence of the discriminatory intent includes Defendants' refusal to

7    adhere to relevant building standards; disregard for the building plans and permits issued for

8    the Classic Burgers Facility; conscientious decision to the architectural layout (as it currently

9
     exists) at the Classic Burgers Facility; decision not to remove barriers from the Classic Burgers
10
11   Facility; and allowance that the Classic Burgers Facility continues to exist in its non-compliant

12   state. Johnson further alleges, on information and belief, that Defendants is not in the midst of

13   a remodel, and that the barriers present at the Classic Burgers Facility are not isolated (or

14   temporary) interruptions in access due to maintenance or repairs.

15

16
                                 **VI. FIRST CLAIM**
17                     **Americans with Disabilities Act of 1990**

18               **Denial of "Full and Equal" Enjoyment and Use**

19
         18. Johnson repleads and incorporates by reference, as if fully set forth again herein, the
20
21   allegations contained in Paragraphs 1 through 17 of this Complaint, and incorporates them

22   herein as if separately repled.

23       19. Title III of the ADA holds as a "general rule" that no individual shall be discriminated

24
     against on the basis of disability in the full and equal enjoyment (or use) of goods, services,
25
26   facilities, privileges, and accommodations offered by any person who owns, operates, or leases

27   a place of public accommodation. 42 U.S.C. § 12182(a).

28
Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51,
52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans
with Disabilities Act of 1990
Page 6 of 13

20. Defendants discriminated against Johnson by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Classic Burgers Facility during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

21. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

22. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

23. Here, Johnson alleges that Defendants can easily remove the architectural barriers at the Classic Burgers Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

24. In the alternative, if it was not "readily achievable" for Defendants to remove the Classic Burgers Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

25. On information and belief, the Classic Burgers Facility was designed or constructed (or

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 7 of 13

1  both) after January 26, 1992--independently triggering access requirements under Title III of

2  the ADA.

3      26. The ADA also prohibits designing and constructing facilities for first occupancy after

4
   January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities
5
   when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).
6

7      27. Here, Defendants violated the ADA by designing or constructing (or both) the Classic

8  Burgers Facility in a manner that was not readily accessible to the physically disabled public--

9  including Johnson--when it was structurally practical to do so.

10

11

12                         **Failure to Make an Altered Facility Accessible**

13      28. On information and belief, the Classic Burgers Facility was modified after January 26,

14  1992, independently triggering access requirements under the ADA.

15      29. The ADA also requires that facilities altered in a manner that affects (or could affect)

16
   its usability must be made readily accessible to individuals with disabilities to the maximum
17
   extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary
18
19  function also requires adding making the paths of travel, bathrooms, telephones, and drinking

20  fountains serving that area accessible to the maximum extent feasible. *Id.*

21      30. Here, Defendants altered the Classic Burgers Facility in a manner that violated the

22  ADA and was not readily accessible to the physically disabled public--including Johnson--to
23
   the maximum extent feasible.
24

25

26

27

28
Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 8 of 13

**Failure to Modify Existing Policies and Procedures**

31. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

32. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Classic Burgers Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

33. Johnson seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

34. Johnson also seeks a finding from this Court (*i.e.*, declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

**VII. SECOND CLAIM**
**Disabled Persons Act**

35. Johnson repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 34 of this Complaint, and incorporates them herein as if separately repled.

36. The Classic Burgers Facility is a place of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 9 of 13

37. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

38. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

39. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code § 54.1(d).

40. Defendants have violated the CDPA by, inter alia, denying and/or interfering with Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to his disability.

41. Pursuant to the remedies, procedures, and rights set forth in California Civil Code §§ 54.3 and 55, Plaintiff prays for judgment as set forth below.

## VIII. THIRD CLAIM
### Unruh Civil Rights Act

42. Johnson repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 41 of this Complaint, and incorporates them herein as if separately repled.

43. The Classic Burgers Facility is a business establishment and, as such, must comply with the provisions of the Unruh Act, California Civil Code § 51 *et seq.*

44. .The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 10 of 13

1   establishments of every kind whatsoever within the jurisdiction of the State of California.

2   California Civil Code § 51(b).

3
    45. The Unruh Act also provides that a violation of the ADA, or of California state
4
    accessibility regulations, is a violation of the Unruh Act. California Civil Code § 51(f).
5
6   46. Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or inciting the

7   denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities,

8   privileges, or services offered at the Classic Burgers Facilities.

9
    47. Defendants have also violated the Unruh Act by denying, or aiding or inciting the
10
    denial of, Plaintiffs rights to equal access arising from the provisions of the California state
11
12  accessibility regulations and the ADA.

13  48. Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 52,

14  Plaintiff prays for judgment as set forth below.

15

16
                                    **IX. FOURTH CLAIM**
17               **Denial of Full and Equal Access to Public Facilities**

18  49. Johnson repleads and incorporates by reference, as if fully set forth again herein, the
19
    allegations contained in Paragraphs 1 through 48 of this Complaint, and incorporates them
20
21  herein as if separately repled.

22  50. Health and Safety Code § 19955(a) states, in part, that: California public

23  accommodations or facilities (built with private funds) shall adhere to the provisions of

24  Government Code § 4450.

25
    51. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt)
26
27  public accommodation constructed prior to July 1, 1970, which is altered or structurally

28
Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 11 of 13

1    repaired, is required to comply with this chapter.

2        52. Johnson alleges the Classic Burgers Facility is a public accommodation constructed,

3    altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or

4
     Government Code § 4450 (or both), and that the Classic Burgers Facility was not exempt under
5
6    Health and Safety Code § 19956.

7        53. Defendants' non-compliance with these requirements at the Classic Burgers Facility

8    aggrieved (or potentially aggrieved) Johnson and other persons with physical disabilities.

9    Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code §
10
11   19953.

12
                                    **X. PRAYER FOR RELIEF**
13

14       WHEREFORE, Johnson prays judgment against Defendants for:

15       1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

16       2. Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act or
17
     Disabled Persons Act damages.
18
19       3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil

20   Code (but not both) according to proof.

21       4. Attorneys' fees, litigation expenses, and costs of suit.

22       5. Interest at the legal rate from the date of the filing of this action.
23

24

25   Dated:   01 - 3 1 - 13        _____

26                                 Irene Karbelashvili, Attorney for
                                   Plaintiff RICHARD JOHNSON
27

28   _____
     Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
     Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51,
     52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans
                                    with Disabilities Act of 1990

     Page 12 of 13

1

***DEMAND FOR JURY***

2

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

3

4

Dated: 01-31-13

5

_____
Irene Karbelashvili, Attorney for
Plaintiff RICHARD JOHNSON

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 13 of 13